# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

### CIVIL CASE NO. 3:07cv062

| | |
|---|---|
| LINCOLN FINANCIAL MEDIA COMPANY, )<br>)<br>) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| CBS BROADCASTING INC., )<br>f/k/a CBS, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for

Stay of Judgment and for Approval of Supersedeas Bond [Doc. 36].

The Defendant CBS Broadcasting Inc. moves pursuant to Rule 62(d)

of the Federal Rules of Civil Procedure for the approval of a bond in the

amount of $800,000.00 and the issuance of an Order staying the Judgment

in this case pending the Defendant's appeal to the Fourth Circuit Court of

Appeals.  [Doc. 36].  The Defendant filed its Notice of Appeal

contemporaneously with the present motion on April 29, 2008.  [Doc. 38].

While the Plaintiff does not object to the Judgment being stayed

pending appeal, the Plaintiff does request that the amount of the proposed

bond be increased to at least $882,936.98 to account for the prejudgment

interest awarded by the Court.  [Plaintiff's Response, Doc. 41].

Rule 62(d) of the Federal Rules of Civil Procedure provides as

follows:

> If an appeal is taken, the appellant may obtain a
> stay by supersedeas bond ....  The bond may be
> given upon or after filing the notice of appeal or
> after obtaining the order allowing the appeal.  The
> stay takes effect when the court approves the bond.

The posting of a supersedeas bond entitles the moving party to a stay of a

money judgment as a matter of right.  See Kirby v. Gen. Elec. Co., 210

F.R.D. 180, 195 (W.D.N.C. 2000), aff'd, 20 Fed. Appx. 167 (4th Cir. 2001);

see also Federal Prescription Serv., Inc. v. American Pharm. Ass'n, 636

F.2d 755, 759 (D.C. Cir. 1980).  Although the Court may in its discretion

order a stay secured by less than a full supersedeas bond, the typical case

requires a bond that will permit satisfaction of the full judgment, as well as

an award of post-judgment interest and costs.  See Brinn v. Tidewater

Transp. Dist. Comm'n, 113 F.Supp.2d 935, 939 (E.D. Va. 2000), aff'd, 242

F.3d 227 (4th Cir. 2001); North River Ins. Co. v.  Greater New York Mut.

Ins. Co., 895 F.Supp. 83, 84 (E.D. Pa. 1995).  "While the court has the authority to allow a lesser bond, it should do so only in extraordinary circumstances."  North River, 895 F.Supp. at 84-85.

The Defendant in this case proposes a supersedeas bond in the amount of $800,000.00.  Such a bond, however, would not be sufficient to satisfy the full amount of the Judgment – which consists of an award of $800,000.00 plus pre-judgment interest at the rate of eight percent (8%) starting from June 20, 2006 on one-half of the award and prejudgment at the rate of eight percent (8%) starting from June 27, 2007 on the other half of the award – in addition to an award of post-judgment interest and costs.

The Defendant has not shown that any "extraordinary circumstances" exist warranting a bond in this case in any amount less than the full amount of the Judgment, plus an estimate of the award of post-judgment interest and costs.  While th ePlaintiff's calculation appears to approximate the amount due on the Judgment as of the filing of the Notice of Appeal, it does not appear to include any amount for post-Judgment interest or costs. The Court finds that the proposed supersedeas bond posted by the Defendant is insufficient because it fails to be in a face amount of at least

$912,000.00, which would be necessary to secure the entire amount of the Judgment, plus interest and costs, while this matter is on appeal.

The Court also finds that the proposed supersedeas bond posted by the Defendant is insufficient in that it is purportedly signed by the surety, Travelers Casualty and Surety Company of America, by its attorney-in-fact Michael Kubis, but the proposed bond does not include a power of attorney manifesting the authority of such person to act as the attorney-in-fact for the surety.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Stay of Judgment and Approval of Supersedeas Bond [Doc. 36] is **DENIED** without prejudice to refiling upon the posting of a proper and adequate bond.

**IT IS SO ORDERED.**

Signed: May 6, 2008

Martin Reidinger
United States District Judge